Arrechea-Martinez v. Holder

BIA
Straus, IJ
A089 192 156

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand thirteen.

PRESENT:
>       RALPH K. WINTER,
>       GUIDO CALABRESI,
>       PETER W. HALL,
>           *Circuit Judges.*

_____

JENNIFER ANDREA ARRECHEA-MARTINEZ, AKA
JENNIFER DANIELLA LOPEZ-JUAREZ
MARTINEZ,
>       *Petitioner,*

>       v.                                12-1314
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Jon E. Jessen, Law Offices of Jon E. Jessen, Stamford, Connecticut.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jennifer Andrea Arrechea-Martinez, a native and citizen of Guatemala, seeks review of a March 5, 2012, decision of the BIA affirming an August 30, 2010, decision of Immigration Judge ("IJ") Michael W. Straus, denying Arrechea-Martinez's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jennifer Andrea Arrechea-Martinez*, No. A089 192 156 (B.I.A. Mar. 5, 2012), *aff'g* No. A089 192 156 (Immig. Ct. Hartford, Conn. Aug. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA and the IJ opinions, "minus the . . . argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because, in her brief, Arrechea-Martinez explicitly abandons any challenge to the denial of CAT relief, we consider only the agency's denial of asylum and withholding of removal. We agree with the agency that Arrechea-Martinez did not establish her eligibility for relief.

The agency reasonably found that the mistreatment described by Arrechea-Martinez – once being struck four times with a belt by her father, and his attempt to hit her on another occasion – was insufficient to rise to the level of persecution.

Arrechea-Martinez's claim that she suffered emotional harm, rising to the level of persecution, is unavailing. In holding that harm must rise above "mere harassment" in order to constitute persecution, we have noted that the definition of harassment included actions that cause, *inter alia*, "substantial emotional distress." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)(citation omitted); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72

2

(2d Cir. 2011) (emphasizing that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation marks and citation omitted).

Substantial evidence also supports the agency's determination that Arrechea-Martinez failed to establish a well-founded fear of future persecution, given that she lived with her father for several years after the beating without further incident.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that, absent "solid support in the record," a fear of future persecution is "speculative at best").  Moreover, since she is no longer a minor, she need not live with her father if removed to Guatemala.

Although Arrechea-Martinez challenges the IJ's finding that she did not establish a nexus between the alleged persecution and a protected ground, we need not address this claim since the BIA, in its analysis, assumed that she had.  Likewise, Arrechea-Martinez's arguments that the IJ failed to make a credibility determination, and that she was a credible witness, are irrelevant – both the IJ and the BIA considered her testimony to be credible.

 Ultimately, because Arrechea-Martinez was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3